# UNITED STATES BANKRUPTCY COURT
## NORTHERN **DISTRICT OF** ILLINOIS
### EASTERN **DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| Stacey L. Mccastland | § | Case No. 15-33314 |
| | § | |
| Debtor | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1.  A petition under chapter 7 of the United States Bankruptcy Code was filed on 09/30/2015 .  The undersigned trustee was appointed on 09/30/2015 .

2.  The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3.  All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4.  The trustee realized gross receipts of             $             3,496.00

        Funds were disbursed in the following amounts:

| | |
|---|---|
| Payments made under an interim disbursement | 0.00 |
| Administrative expenses | 0.00 |
| Bank service fees | 30.00 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |

Leaving a balance on hand of[1]             $             3,466.00

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

5.   Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6.   The deadline for filing non-governmental claims in this case was  04/01/2016  and the deadline for filing governmental claims was  04/01/2016 . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7.   The Trustee's proposed distribution is attached as **Exhibit D**.

8.   Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 874.00 .  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $ 0.00  as interim compensation and now requests a sum of $ 874.00 , for a total compensation of $ 874.00 [2].  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 2.45 , for total expenses of $ 2.45 [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 10/11/2016_____   By:/s/Joji Takada, Chapter 7 Trustee
                                                                      Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

Case 15-33314   Doc 26   Filed 10/13/16   Entered 10/13/16 09:24:59   Desc Main
Document   Page 3 of 9

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 15-33314 | BWB | Judge: | Bruce W. Black | Trustee Name: | Joji Takada, Chapter 7 Trustee |

| Case Name: | Stacey L. Mccastland | | Date Filed (f) or Converted (c): | 09/30/2015 (f) |
| For Period Ending: | 10/11/2016 | | 341(a) Meeting Date: | 10/29/2015 |
| | | | Claims Bar Date: | 04/01/2016 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description<br>(Scheduled and Unscheduled (u) Property) | Petition/<br>Unscheduled<br>Values | Est Net Value<br>(Value Determined<br>by Trustee, Less<br>Liens, Exemptions,<br>and Other Costs) | Property Formally<br>Abandoned<br>OA=554(a) | Sale/Funds<br>Received by<br>the Estate | Asset Fully<br>Administered<br>(FA)/<br>Gross Value of<br>Remaining<br>Assets |
| 1. 1106 Windsor Drive, Shorewood, Il 60404 Co-Owned With Partne | 122,857.00 | 0.00 | | 0.00 | FA |
| 2. Checking - Harris Bank With Non-Filing Partner | 400.00 | 0.00 | | 0.00 | FA |
| 3. Furniture | 2,000.00 | 0.00 | | 0.00 | FA |
| 4. Clothing | 500.00 | 0.00 | | 0.00 | FA |
| 5. 403B Through Employer | 0.00 | 0.00 | | 0.00 | FA |
| 6. Tax Refund (u)<br><br>2015 tax refund | 6,096.00 | 8,000.00 | | 3,496.00 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | Unknown |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)    $131,853.00    $8,000.00    $3,496.00    $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Keeping case open for tax refund over $6000. - Joji Takada 12/22/2015

NFR TFR Fee app completed and sent to UST - Joji Takada 7/26/2016

Initial Projected Date of Final Report (TFR): 09/30/2016        Current Projected Date of Final Report (TFR): 09/30/2016

Case 15-33314    Doc 26    Filed 10/13/16    Entered 10/13/16 09:24:59    Desc Main

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Document    Page 4 of 9

Exhibit B

| | |
|---|---|
| Case No: 15-33314 | Trustee Name: Joji Takada, Chapter 7 Trustee |
| Case Name: Stacey L. Mccastland | Bank Name: Associated Bank |
| | Account Number/CD#: XXXXXX0296 |
| | Checking |
| Taxpayer ID No: XX-XXX3751 | Blanket Bond (per case limit): $5,000,000.00 |
| For Period Ending: 10/11/2016 | Separate Bond (if applicable): |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 05/03/16 | 6 | Stacey Mccastland | Non-exempt funds Nonexempt portion of tax refund | 1224-000 | $3,496.00 | | $3,496.00 |
| 06/07/16 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $3,486.00 |
| 07/08/16 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $3,476.00 |
| 08/05/16 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $3,466.00 |

| | | |
|---|---|---|
| COLUMN TOTALS | $3,496.00 | $30.00 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $3,496.00 | $30.00 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $3,496.00 | $30.00 |

| | | |
|---|---|---|
| Page Subtotals: | $3,496.00 | $30.00 |

Exhibit B

TOTAL OF ALL ACCOUNTS

|  | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX0296 - Checking | $3,496.00 | $30.00 | $3,466.00 |
|  | $3,496.00 | $30.00 | $3,466.00 |
|  | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| Total Allocation Receipts: | $0.00 |
|---|---|
| Total Net Deposits: | $3,496.00 |
| Total Gross Receipts: | $3,496.00 |

| Page Subtotals: | $0.00 | $0.00 |
|---|---|---|

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 15-33314

Debtor Name: Stacey L. Mccastland

Claims Bar Date: 4/1/2016

Date: October 13, 2016

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | Joji Takada 6336 North Cicero Avenue Chicago, IL 60646 | Administrative | | $0.00 | $874.00 | $874.00 |
| 100 2200 | Joji Takada 6336 North Cicero Avenue Chicago, IL 60646 | Administrative | | $0.00 | $2.45 | $2.45 |
| 1 300 7100 | Quantum3 Group Llc As Agent For Moma Funding Llc Po Box 788 Kirkland, Wa 98083-0788 | Unsecured | | $0.00 | $2,320.91 | $2,320.91 |
| 2 300 7100 | CAPITAL ONE BANK (USA), N. A. by American InfoSource LP as agent PO Box 71083 Charlotte, NC 28272-1083 | Unsecured | | $0.00 | $505.41 | $505.41 |
| 3 300 7100 | CAPITAL ONE BANK (USA), N. A. by American InfoSource LP as agent PO Box 71083 Charlotte, NC 28272-1083 | Unsecured | | $0.00 | $2,944.39 | $2,944.39 |
| 4 300 7100 | Portfolio Recovery Associates, Llc Successor To Synchrony Bank (Lowes) Pob 41067 Norfolk, Va 23541 | Unsecured | | $0.00 | $3,744.50 | $3,744.50 |
| 5 300 7100 | Velocity Investments Llc C/O Jd Receivables Llc P.O. Box 382656 Germantown, Tn 38183 | Unsecured | | $0.00 | $4,835.65 | $4,835.65 |
| | Case Totals | | | $0.00 | $15,227.31 | $15,227.31 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

Printed: October 13, 2016

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 15-33314
Case Name: Stacey L. Mccastland
Trustee Name: Joji Takada, Chapter 7 Trustee

Balance on hand                                                  $              3,466.00

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Joji Takada | $          874.00 | $          0.00 | $          874.00 |
| Trustee Expenses: Joji Takada | $          2.45 | $          0.00 | $          2.45 |

Total to be paid for chapter 7 administrative expenses          $              876.45

Remaining Balance                                              $              2,589.55

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court,
priority claims totaling $ 0.00  must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 14,350.86  have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 18.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Quantum3 Group Llc As Agent For | $   2,320.91 | $   0.00 | $   418.80 |
| 2 | CAPITAL ONE BANK (USA), N. A. | $   505.41 | $   0.00 | $   91.20 |
| 3 | CAPITAL ONE BANK (USA), N. A. | $   2,944.39 | $   0.00 | $   531.30 |
| 4 | Portfolio Recovery Associates, Llc | $   3,744.50 | $   0.00 | $   675.68 |
| 5 | Velocity Investments Llc | $   4,835.65 | $   0.00 | $   872.57 |

Total to be paid to timely general unsecured creditors          $          2,589.55

Remaining Balance          $          0.00

Tardily filed claims of general (unsecured) creditors totaling $ 0.00  have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00  have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be  0.0  percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE